### R. YOUNG & BROS. CO. v. SNEDEKER.

(Supreme Court, Appellate Division, Second Department. July 27, 1911.)

CONTRACTS (§ 308*)—BUILDING CONTRACTS—PAYMENT.

Defendant contracted for the erection of a dwelling house to be paid for in five payments as the work progressed, and after the second payment had been made, and before another installment had become due, the contractor gave to plaintiffs, materialmen, an order on account of his contract for the payment of a certain sum, part to be paid when the plastering was completed and the rest when the trim was on, which order was accepted by defendant. *Held,* that the order was conditioned on the contractor's earning the amount specified under his contract.

[Ed. Note.—For other cases, see Contracts, Dec. Dig. § 308.*]

Woodward, J., dissenting.

Appeal from Trial Term, Westchester County.

Action by R. Young & Bros. Company against Samuel E. Snedeker. From a judgment for plaintiff and an order denying a motion for new trial, defendant appeals. Reversed, and new trial ordered.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

Frederick W. Clark, for appellant.
Arthur I. Strang, for respondent.

RICH, J. The defendant had entered into a contract with one Sherwood, a contractor, for the erection of a dwelling house, in which he undertook to pay for the work and material in five payments as the work progressed. After the second payment had been made, and before another installment became due, Sherwood gave to plaintiffs (materialmen) an order on account of his contract for the payment of $1,376.26, as follows:

"Six hundred ($600.00) dollars when plastering is completed. Seven hundred seventy-six 26/100 ($776.26) dollars when the trim is on"—which was accepted by defendant.

It appears that within a few days after the order was accepted, and before another payment became due under the contract, Sherwood abandoned the work, and it became necessary for defendant to finish the job himself. It also appears from evidence given upon the part of the defendant that the plastering was not completed and the trim was not on. The learned county judge treated the order and acceptance as an independent contract for the payment of money. In this I think he was in error. It seems clear that it was the intention of the parties that the order should be conditional upon the contractor's earning the amounts specified under his contract, and the question of fact as to whether anything was due ought to have been submitted to the jury.

It follows, therefore, that the judgment and order must be reversed, and a new trial ordered; costs to abide the event. All concur, except WOODWARD, J., dissenting.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

WOODWARD, J. (dissenting).   The complaint alleges, in addition to the jurisdictional matters, that on or about the 24th day of February, 1908, one Frank E. Sherwood made and delivered to the plaintiff for a good and valuable consideration, with full knowledge and consent of the defendant Samuel E. Snedeker, an order in manner and form following, that is to say:

"Mr. Samuel E. Snedeker, White Plains, N. Y.—Dear Sir: Please pay to R. Young & Bros. Company the sum of thirteen hundred and seventy-six 26/100 dollars ($1,376.26), and charge same to my account on your Oakwood avenue job, to be paid as follows: Six hundred ($600.00) dollars when plastering is completed. Seven hundred seventy-six 26/100 ($776.26) dollars when the trim is on.

"Yours very truly,                                    F. E. Sherwood."

The complaint further alleges, that:

"Thereafter, and on or about the 24th day of February, 1908, the defendant for a good and valuable consideration duly accepted said order and promised to pay said sum to plaintiff, as in and by said order provided, by writing at the foot of said order, 'Accepted February 24th, 1908, at 10:37 a. m.,' and subscribing his name thereto. That thereafter and prior to the commencement of this action, the plastering was fully completed and the trim all put on the building, as referred to in said order," etc.

The defendant denied the material allegations of the complaint and set up several defenses, upon the theory that the contractor, F. E. Sherwood, had abandoned his contract before completion, and that no moneys were due him, out of which this order could be paid.   Upon the trial of the action there was some evidence that the defendant had consented to accept the order in question upon the plaintiff agreeing to forbear filing a lien under the mechanic's lien law, and this the defendant practically admits in his testimony, where he says:

"At the time I had the conversation with Mr. Young I did not want a lien filed and said so to Mr. Young; I don't remember that was after Mr. Young had stated to me that he must have some security; I stated the conversation as I remember it."

There was no specific denial of the testimony of the plaintiff that he had demanded security, under threat of filing a lien, and that the defendant had agreed to accept the order for the purpose of avoiding this action.   Both parties asked for the direction of a verdict, and, on the defendant's motion being denied, defendant asked to go to the jury on other questions, but not upon the question of a consideration for the acceptance of the order.   Under such circumstances, the action of the court in directing a verdict must be deemed conclusive upon this point, and that seems to me to determine the question here presented.   The order upon its face is not an assignment of moneys due or to become due; it is a draft drawn upon the defendant for a certain amount of money, fixing the times of payment, and the defendant, for a valuable consideration, accepted the draft.   The plaintiff had already supplied the materials to substantially the amount of the order, and was entitled to a lien; he consented to take the order, accepted by the defendant, in lieu of his lien; and the defendant contracted absolutely to pay the amount of the order upon the completion of the plastering, and upon the trim being placed on the building,

whether this was done by the contractor who gave the order or by any one else. The plaintiff did not take the risks of money becoming due, or being due; he took the defendant's contract to discharge the obligation at a time to be determined by subsequent events; and, if the defendant was disappointed by the failure of the contractor to complete the work, that is a matter which does not concern the plaintiff, for the latter relinquished his right to a lien for the enforcement of his claim at the request of the defendant, and the latter assumed the obligation to pay for the plaintiff's materials which had already been supplied.

The judgment and order appealed from should be affirmed, with costs.